PETER METZGER AND BENJAMIN CARHART v. CALEB POST AND GEORGE RUSSELL.

A declaration which states that the defendants dredged through a bed of oysters of the plaintiffs lying under the waters of Raritan bay, upon grounds marked so that the defendants knew that they were held as private property, and converted and disposed of the said oysters to their own use, on demurrer—*Held*, good.

This is an action in trespass for the taking of oysters lying in Raritan bay. The declaration is as follows:

Monmouth Circuit Court of the 14th day of May, 1881.

Monmouth county, ss.—George Post and George Russell, the defendants in this suit, were summoned to answer unto Peter Metzger and Benjamin Carhart, the plaintiffs therein, of a plea of trespass, and thereupon the said plaintiffs, by Robbins & Hartshorne, their attorneys, complain, for that the said defendants, on the 3d day of May, 1881, and on divers other days and times between that day and the commencement of this suit, with force and arms, dredged, raked and tonged over, upon and through a certain large bed, parcel and quantity of oysters, to wit, fifteen hundred bushels of oysters of the said plaintiffs, of great value, to wit, of the value of $2000, then lying and being under the waters of Raritan bay, near the town of Keyport, off East Point, in the township of Raritan and county aforesaid, in and upon ground properly and sufficiently staked, marked, designated and identified by the said plaintiffs, so that the said defendants could and did know that the said oysters were planted and deposited there and held as private property by the said plaintiffs, and where no other oysters were, and then and there greatly disturbed, injured, damaged and destroyed the said oysters, and then and there took and carried away a large quantity of the same, to wit, three hundred bushels thereof, of great value, to wit, of the value of $600, and converted and disposed of the same to their own use; whereby the said oysters of the said plaintiffs were, many of them, killed and destroyed, and the others covered and mixed with mud and sand and the like, and greatly disturbed and hindered in growth and profit, and the said plaintiffs were hindered and prevented from taking, selling and marketing the same in proper time and manner, and thereby lost and were deprived of all the profits, benefits and advantages which might and would otherwise have arisen and accrued to them therefrom, to wit, at the township of Raritan, in the county of Monmouth aforesaid.

And also, for that the said defendants, on the day and year aforesaid, with force and arms, &c., to wit. at the township of

Raritan, in the county of Monmouth aforesaid, seized and carried away certain goods and chattels, to wit, four hundred bushels of oysters of the said plaintiffs, of great value, to wit, of the value of $800 of lawful money of the United States, then and there found and being, and converted and disposed of the same to their own use, and other wrongs to the said plaintiffs then and there did, against the peace of the State of New Jersey, and to the damage of said plaintiffs of $2000, and therefore they bring this suit, &c.

ROBBINS & HARTSHORNE,<br>
<em>Attorneys of Plaintiffs.</em>

To this declaration a demurrer was interposed.

The questions of law arising thereon were certified by the Circuit judge to this court for its advisory opinion.

Argued at November Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, REED and MAGIE.

For the plaintiffs, *C. Robbins.*

For the defendants, *W. H. Vredenburgh.*

The opinion of the court was delivered by

REED, J.   The question mooted upon the argument of the issue raised by the demurrer to the declaration in this case was the following : Does a person who places oysters upon land belonging to the State of New Jersey, lying under tidal waters, where oysters will naturally grow, retain title so as to be able to maintain an action against a person who takes them ?

The entire discussion was built up upon a condition of fact which is not disclosed by the declaration.   The declaration sets out that the defendants dredged through a bed of oysters of the plaintiffs lying under the waters of Raritan bay, upon grounds marked so that the defendants knew they were held

as private property, &c., and converted and disposed of the said oysters to their own use.

The declaration, therefore, states that the property of the plaintiffs was taken and used by the defendants. Any right which the defendants claim as a justification for this act must, as the pleadings stand, appear upon the face of the declaration.

Assuming that this court will take judicial notice that the waters of Raritan bay are tidal waters, and the land under them is the property of the state, the only fact in the case which distinguishes the pleadings of the plaintiffs from an ordinary declaration in an action for trespass *de bonis asportatis,* is that the property of plaintiffs was lying in navigable waters.

If any presumption of abandonment of property would arise from this fact alone, that it was so placed, (which is not admitted,) yet the averment of the marking of the ground refutes any notion of an abandonment arising from that cause. The circumstance that the property of the plaintiffs was deposited in tidal waters would, at best, fix upon it the character of a nuisance, but that would not confer upon any person the right to take and convert the property to his own use.

The law is clearly and correctly stated in the case of *State* v. *Taylor,* 3 *Dutcher* 117, 123. Said Chief Justice Green : " Admitting that the planting of oysters in the public waters was a clear case of nuisance and encroachment upon the public right, it could give the defendant no right to steal them or appropriate them to his own use."

In the case of *Mayor of Colchester* v. *Brooke,* 7 *Q. B.* 339, the doctrine announced by the court was still broader, and denied the right of a private person to interfere with the property for the purpose of abating a public nuisance.

It was an action for injuring the plaintiff's oyster-beds in the river Colne. The defendant's vessel grounded on the oyster-bed, doing damage. The defendant pleaded that that part of the river was a public navigable river. Upon the trial the jury found that the defendant had been negligent. The court held that the defendant was liable for damages,

although the oysters were placed in the channel of a public navigable river so as to create a public nuisance.    Lord Denman said : " However wrongful the act of the plaintiffs, yet as the defendant suffered no special inconvenience thereby, he certainly could not have been justified in wilfully impinging upon or destroying the oysters, even for the purpose of abating the nuisance."

If the fact in this case be that the ground where these oysters were is a natural breeding-ground for oysters, and the defendants are of the opinion that this fact alone, or in connection with other facts, justifies the taking and converting of these oysters, such facts must be pleaded specially.

Judgment for plaintiffs, with leave for defendants to plead over.